**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| **IN RE:**<br><br>**ERIN D. SLONIM,**<br><br>    Debtor. | **Case No. 22-20172-NGH** |
| **STATE OF IDAHO,**<br>**DEPARTMENT OF LABOR,**<br><br>    Plaintiff,<br><br>v.<br><br>**ERIN D. SLONIM,**<br><br>    Defendant. | **Adv. No. 22-07012-NGH** |

**MEMORANDUM OF DECISION**

---

Before the Court is an adversary proceeding filed by the Idaho Department of Labor ("Plaintiff") against Erin Slonim ("Defendant") seeking the declaration that debts owed to Plaintiff are nondischargeable pursuant to § 523(a)(2)(A).[1] A trial was held on October 2, 2023, after which the Court took the matter under advisement.[2] After

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532. Additionally, all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure and all citations to "Civil Rule" are to the Federal Rules of Civil Procedure.

[2] Both parties were present at the trial on the matter. However, only Plaintiff presented evidence and argument.

MEMORANDUM OF DECISION - 1

considering the record, arguments, and applicable law, the following constitutes the Court's findings, conclusions, and disposition of the issues. Fed. R. Bankr. P. 7052.

## BACKGROUND

The facts underlying this litigation relate to Defendant's receipt of unemployment benefits from Plaintiff between May 2020 and August 2020. Defendant initially applied for unemployment benefits in June of 2019. *See* Ex. 100. The unemployment claim application provides a warning that any misrepresentation in connection with unemployment has serious consequences, including the repayment of overpaid benefits and penalties, as well as disqualification from receiving benefits for a minimum of 1 year. Ex. 100. The application also requires the applicant to certify that she has read all the instructions and the unemployment insurance pamphlet. When Defendant initially applied in 2019, she was not eligible for benefits due to the nature of her separation from her employer, Auburn Crest. Defendant, however, reopened her unemployment claim in April 2020 after establishing her eligibility to receive benefits by establishing a new employment history.

Once Defendant was deemed eligible to receive benefits, Defendant was required to complete weekly reports wherein she certified that she continued to be eligible for benefits and reported all earnings from employers for the given benefit week. Defendant was also required to report any separations from an employer during the given week. *See* Ex. 103. Defendant, however, did not disclose that she worked for Nishimoto Agency on April 26, 2020, or that she voluntarily quit that same day. Additionally, Defendant did

MEMORANDUM OF DECISION - 2

not disclose her employment with Creach Greenhouse on May 4, 2020, or the fact that she quit after working four hours. Ex. 105.

Further, because a year had passed since Defendant initially filed for unemployment, Defendant was required to submit a new unemployment application in June 2020. Ex. 101. On that application, Defendant did not list either Nishimoto or Creach Greenhouse as an employer.

On September 11, 2020, Plaintiff issued an "Eligibility Determination Unemployment Insurance Claim." Ex. 108 (the "Determination"). The Determination concluded Defendant had provided "false information in an attempt to obtain unemployment insurance benefits for which she was not eligible." Ex. 108. Further, an overpayment determination was sent to Defendant, setting forth the required repayment of $14,764.50 for the overpayment of unemployment benefits. Ex. 109. The last day Defendant could have protested the Determination was September 25, 2020. However, Defendant did not do so until October 28, 2020. Both the Plaintiff's Appeals Examiner and the Idaho Industrial Commission determined that because Defendant's appeal was not timely, the Determination was final and could not be challenged. Exs. 110 & 111.

Defendant filed a voluntary chapter 7 bankruptcy petition on June 30, 2022. Case No. 22-20172 at Doc. No. 1. On September 22, 2022, Plaintiff initiated this adversary proceeding, seeking a declaration that the debt owed to it by Defendant is nondischargeable under § 523(a)(2)(A). Plaintiff initially filed a motion for summary judgment in February 2023. That motion was ultimately denied as untimely. Doc. No. 23. On July 12, 2023, Plaintiff again filed a motion for summary judgment, asserting that

MEMORANDUM OF DECISION - 3

the doctrines of *Rooker-Feldman* and collateral estoppel establish the nondischargeabilty of the debt under § 523(a)(2)(A).  However, the Court denied that motion in part due to procedural issues.

**ANALYSIS**

Plaintiff bears the burden of establishing the debt from the unemployment overpayment is nondischargeable pursuant to § 523(a)(2)(A) by a preponderance of the evidence.  *Netwest Commc'ns Grp., Inc. v. Mills (In re Mills)*, 2008 WL 2787252, at *4 (Bankr. D. Idaho June 25, 2008) (citing *Grogan v. Garner*, 498 U.S. 279, 291 (1991)).  In order to preserve a debtor's opportunity for a fresh start, the nondischargeability provisions of § 523(a) should generally be construed liberally in favor of the debtor.  *Id.*

Section 523(a)(2)(A) bars the discharge of a debt obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  To establish a claim is nondischargeable under § 523(a)(2)(A), a plaintiff must establish several elements:

> (1) misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*Martin v. Mowery (In re Mowery)*, 591 B.R. 1, 6 (Bankr. D. Idaho 2018) (citing *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010)).

When there is a duty to disclose, the omission of a material fact constitutes a fraudulent representation under § 523(a)(2)(A).  *Parks v. Angelus Block Co. (In re Parks)*, 571 Fed. Appx. 523, 525 (9th Cir. 2014).  This Court has considered a

MEMORANDUM OF DECISION - 4

case where a debtor failed to timely inform the Social Security Administration ("SSA") about his employment while receiving Social Security Disability benefits. *Tucker v. United States (In re Tucker)*, 539 B.R. 861, 867 (Bankr. D. Idaho 2015). There, the Court determined the debtor had a duty to disclose such information because the debtor had been repeatedly warned by the SSA about the requirement to timely report such changes in employment status. Likewise, here Defendant received several warnings that she was required to accurately disclose all employment during the relevant times. As such, the Court finds Defendant had a duty to disclose her employment with Creach Greenhouse and Nishimoto and her failure to include such information constitutes a false representation or omission under § 523(a)(2)(A).

In addition to making a false representation or omission, Plaintiff must show that the debtor knew the statement or omission was false and acted with the intent and purpose to deceive. *Carlson v. DL Carlson Enterps. Inc. (In re Carlson)*, 426 B.R. 840, 855 (Bankr. D. Idaho 2010). "Direct evidence of knowledge and fraudulent intent is rarely present; instead, [p]laintiff may prove knowledge and intent through circumstantial evidence." *Id.* Bankruptcy courts may find the requisite intent where a debtor has shown a reckless disregard for the truth. *Huskey v. Tolman (In re Tolman)*, 491 B.R. 138, 153–54 (Bankr. D. Idaho 2013). When considering the totality of the circumstances, the Court finds Defendant acted with the requisite knowledge and intent when failing to disclose her employment. Defendant was repeatedly warned on the benefit application, the unemployment insurance pamphlet, and the instruction for the weekly certification about

MEMORANDUM OF DECISION - 5

the requirement to accurately disclose all earnings from all employers. *See* Ex. 102 ("You must report all your earnings for the benefit week you worked. . . . Misreported or under-reported earnings is fraud or willful misrepresentation."); *see also* Ex. 103 (weekly certification instruction requiring applications to report all earnings for a given week and all separations from employers). Despite these warnings, Defendant failed to disclose her employment with Creach Greenhouse and Nishimoto, or the fact that she voluntarily quit both jobs. Further, a year prior Defendant had a benefit application denied due to the circumstances surrounding her separation from the employer and thus was aware that she would no longer be eligible for benefits if she included the information in the weekly certification. As such, the Court finds Defendant acted knowingly and with the intent to deceive Plaintiff when she failed to disclose her employment.

Plaintiff must also prove that it justifiably relied on Defendant's omission when deciding to extend her unemployment benefits. "Justifiable reliance looks to the 'qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than the application of a community standard of conduct to all cases.'" *Carlson*, 426 B.R. at 855 (*quoting Field v. Mans*, 516 U.S. 59, 71 (1995)). Here, Carrie Hale, a program manager working for Plaintiff, testified that Plaintiff would not have extended the benefits to Defendant had she included Creach Greenhouse and Nishimoto on her application or weekly application. Defendant's voluntary separation from these employers rendered her ineligible for benefits. Plaintiff had procedures in place to ensure the veracity of an applicant's statements, including warning applicants about the consequences of misrepresentations and requiring applications to certify that

MEMORANDUM OF DECISION - 6

the information provided was correct. Plaintiff had no reason to believe the information provided by Defendant was false when extending the benefits. As such, the Court finds Plaintiff actually and justifiably relied on Defendant's fraudulent omission.

Finally, the Court finds Plaintiff has established the last element of § 523(a)(2)(A)—damage to the creditor. Due to Defendant's omissions on her weekly certifications, Defendant received $11,980 in unemployment benefits to which she was not entitled. Ex. 109.

In addition to damages incurred by the overpayment of employment benefits, Plaintiff levied an additional penalty of $2,784.50 for Defendant's failure to report. Ex. 109. In *Cohen v. de la Cruz*, the Supreme Court held that the entirety of a debt owed for fraudulently obtaining rent payments was nondischargeable, including treble damages awarded under state law. 523 U.S. 213 (1998). In so holding, the Supreme Court noted that the language of § 523(a)(2)(A) "makes clear that the share of money, property, etc., that is obtained by fraud gives rise to a nondischargeable debt. Once it is established that specific money or property has been obtained by fraud, however, 'any debt' arising therefrom is excepted from discharge," including punitive damages arising from a finding of fraud. *Id.* at 218. Other courts, following the reasoning set forth in *Cohen*, have held penalties imposed under state law for violations involving fraud to be nondischargeable under § 523(a)(2)(A). *See United State v. Fusion Connect, Inc. (In re Fusion Connect, Inc.)*, 634 B.R. 22, 32 (S.D.N.Y 2021) (finding that a civil penalty imposed by the Federal Communications Commission was nondischargeable under § 523(a)(2)(A)); *Texas v. Garner (In re Garner)*, 515 B.R. 643, 650 (Bankr. M.D. Fla. 2014) (finding a

MEMORANDUM OF DECISION - 7

penalty imposed under Texas state consumer protection law was nondischargeable under § 523(a)(2)(A)).

Here, Plaintiff assessed a monetary penalty pursuant to Idaho Code § 72-1369(2), because Defendant was found "to have made a false statement, misrepresentation, or failed to report a material fact." While the penalty imposed does not represent the actual harm caused by Defendant's omission, the penalty arises from Defendant's fraudulent conduct. As such, the Court finds the penalty imposed by Plaintiff is also nondischargeable under § 523(a)(2)(A) and Defendant owes Plaintiff $14,764.50 in overpayments and penalties.

Plaintiff also asserts in its complaint that it is entitled to interest pursuant to Idaho Code §§ 72-1360(2) and 22-22-104. Doc. No. 1. Plaintiff repeated that request at the trial. Idaho Code § 72-1360 permits the filing of a lien for the failure to repay overpayments of unemployment benefits, and specifies interest accrues from the date such lien is filed. Pursuant to Idaho Code § 72-1360(2), interest accrues "at the rate of one and one-half (1 1/2) times the rate computed for judgments pursuant to section 28-22-104(2), Idaho Code, in effect on January 1 of the year in which the lien is filed, rounded up to the nearest one-eighth percent (1/8%)." Idaho Code § 28-22-104(2) provides that the interest rate on a judgment shall be five percent (5%) plus the base rate as determined on July 1 by the Idaho state treasurer each year.

Here, while the complaint alleged that Plaintiff filed a lien against Defendant for the nonpayment of the benefit overpayment on June 23, 2021, and documentation thereof was attached to the complaint, no documentation of the lien was offered at trial.

MEMORANDUM OF DECISION - 8

However, Ms. Hale testified that Plaintiff established the lien against Defendant in June 2021 and that testimony was not disputed. As such, the Court finds that Plaintiff is entitled to interest at the rate set forth by Idaho Code §§ 72-1360(2) and 22-22-104(2) as of June 23, 2021.

**CONCLUSION**

Based on the foregoing conclusions, the Court finds Plaintiff has established all the elements of § 523(a)(2)(A), and the debt Defendant owes to Plaintiff shall be nondischargeable. Further, Plaintiff is entitled to interest pursuant to Idaho Code §§ 72-1360(2) and 22-22-104(2) as of June 23, 2021. Plaintiff shall submit a judgment consistent with this decision.[3]

DATED: October 30, 2023

_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

---

[3] Both the complaint and Ms. Hale's testimony referenced a reduction of $1,200 to the amount owed by Defendant. To the extent such reduction is not reflected in the Court's decision, the judgment to be submitted by Plaintiff shall take into account such reduction.

MEMORANDUM OF DECISION - 9